### EX PARTE CHARLIE YOUNG.

#### No. 3531. Decided April 28, 1915.

**Robbery—Habeas Corpus—Continuance by State.**

　　Where the record on appeal did not show that relator could not give bond in the sum fixed by the court, the fact that the State had continued the case twice furnished no ground for relator's discharge.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. L. Crawford, Jr.

Appeal from a habeas corpus proceeding refusing to discharge defendant on the ground that the State had twice continued the case.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Relator was indicted, charged with robbery by the use of firearms. In his application for habeas corpus he shows that he was arrested on or about the 29th day of January, 1915, and his case set for trial on the 26th day of February; that on account of the absence of a witness named Lon Willis the case was postponed by the State until the 13th day of March, and on that day continued for the term by the State on account of the absence of said witness. That on both of said days relator announced ready for trial, and demanded he be tried, but over his protest the case was continued. On the 18th day of March he sued out a writ of habeas corpus before Judge Crawford. The case was heard on March 31st, and Judge Crawford granted him bond in the sum of $2500 but refused to discharge him. From this order he prosecutes this appeal to this court. There is no evidence in the record to show or suggest that relator could not give bond in this sum if he desired to do so, and certainly the fact the State had con-

tinued the case twice furnishes no ground for his discharge, when the period of time covered by both continuances did not cover over two months from the time he was arrested.

The judgment is affirmed.

*Affirmed.*